FILED
SUPERIOR COURT
OF GUAM

2022 MAY -6 PM 4: 54

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| SH ENTERPRISE, INC.,<br><br>                  Plaintiffs,<br><br>vs.<br><br>TERRITORY OF GUAM; GENERAL SERVICE AGENCY, DEPARTMENT OF ADMINISTRATION; and the OFFICE OF PUBLIC ACCOUNTABILITY,<br><br>                  Defendants. | CIVIL CASE NO. CV1057-20<br><br>**DECISION AND ORDER**<br>Office of the Public Accountability's ("OPA") Motion to Dismiss for Lack of Personal Jurisdiction and Supplemental Brief on Sovereign Immunity |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on January 12, 2022, for a hearing on the Motion to Dismiss for Lack of Personal Jurisdiction and a pretrial conference. Present at the hearing were: Attorney Vanessa Williams for SH Enterprise, Inc. ("SH"), Attorney Joseph McDonald for the OPA, Assistant Attorney General Sandra Miller for the Territory of Guam and the General Service Agency ("GSA") (collectively the "Government"), and Attorney Geri Diaz for Basil Food Industrial Services Corporation ("Basil"). At the hearing the Court requested for the parties to submit supplemental briefs on the following issues: (1) whether the Guam Procurement Laws expressly waive the OPA's sovereign immunity and (2) what is the proper mechanism for making the OPA a party in the instant

matter. Having considered the arguments and the applicable law, the Court hereby **DENIES** Defendant OPA's Motion to Dismiss for Lack of Personal Jurisdiction.

## BACKGROUND

This case arises from the SH's Verified Complaint, filed on December 28, 2020, appealing the OPA's decision to terminate SH's contract for Bid No. GSA-056-19. On September 25, 2019, GSA published Invitation for Bid No. GSA-056-19 (the "IFB") seeking nutrition services for the comprehensive management, operations, and maintenance of the elderly nutrition program, congregate meals, and home-delivered meal components (the "Elderly Nutrition Program") on behalf of the Department of Public Health & Social Services. Both SH and Basil responded to the IFB.

On November 8, 2019, GSA issued a Bid Status Report indicating it would award the Elderly Nutrition Program contract to SH. Two weeks later on November 22, 2019, Basil filed a procurement protest with the GSA regarding the award of the IFB to SH ("Basil's First Protest"). GSA denied Basil's protest on November 30, 2019, leading Basil to file a procurement appeal with the OPA on December 16, 2019 ("Basil's First Appeal").[1]

On February 7, 2020, Basil filed a second protest to the GSA regarding the award of the IFB to SH based on the Governor of Guam's use of the SH's Hakubotan Building as the Guam War Claims Office ("Basil's Second Protest"). GSA denied Basil's protest on February 8, 2020, which in turn led Basil to file its second appeal with the OPA on February 27, 2020 ("Basil's Second Appeal").[2] The two appeals were consolidated on March 13, 2020.

---

[1] This appeal was numbered as OPA-PA-19-011.
[2] This appeal was numbered as OPA-PA-20-003.

On December 11, 2020, the OPA issued a written Decision ordering that SH's award of the Elderly Nutrition Program contract be terminated. This served as a Final Administrative Decision regarding Appeal No. OPA-PA-19-011.

On December 28, 2020, SH filed the instant civil action with the Superior Court appealing the OPA's Decision to terminate its contract. On February 18, 2021, the OPA filed its Answer to the instant case. A status conference was held on June 16, 2021, wherein the Court requested briefing regarding the appropriateness of the OPA being named as a defendant to the litigation.

The OPA filed its Motion to Dismiss for Lack of Personal Jurisdiction and Brief on June 28, 2021, which is virtually identical to its motion in CV0338-21. That same day, the Government filed its Memorandum Re: Office of Public Accountability and Scope of Review and Plaintiff filed the Memorandum Re: Office of Public Accountability and Scope of Review. SH filed its Opposition to OPA's Motion to Dismiss for Lack of Personal Jurisdiction on July 26, 2021, which the Government joined. The OPA filed its Reply on August 9, 2021.

A motion hearing was held for the companion case, CV0338-21, on August 12, 2021, wherein the Court took the OPA's Motion to Dismiss for Lack of Personal Jurisdiction under advisement. On November 12, 2021, the Court filed its Decision and Order denying the OPA's Motion to Dismiss for Lack of Personal Jurisdiction in CV0338-21.

A pretrial conference and a hearing on the instant motion was held on January 12, 2022. At the hearing the Court expressed its concerns regarding the OPA's sovereign immunity and the proper mechanism for naming the OPA as a defendant in the instant case. The Court requested the parties to submit supplemental briefings on the issues by February 9, 2022. The Court took the matter under advisement on February 10, 2022.

## DISCUSSION

### I. THE OPA WAIVED THE AFFIRMATIVE DEFENSE FOR LACK OF PERSONAL JURISDICTION BY FAILING TO OBJECT BEFORE FILING ITS ANSWER.

Guam Rule of Civil Procedure Rule 12(b)(2) provides for the dismissal of a civil action where a court lacks jurisdiction over the person. Guam R. Civ. Pro. 12(b)(2). "[A] trial court lacks jurisdiction in a fundamental sense when it lacks personal jurisdiction over a party." *Brue v. Shabaab*, 269 Cal. Rptr. 3d 124, 130 (2020). If raised early enough in the litigation, a lack of personal jurisdiction is an affirmative defense. *Taitano v. Lujan*, 2005 Guam 26 ¶ 24. However, this affirmative defense is waived if a party fails to promptly object to personal jurisdiction either by pre-answer motion or in the response pleading. *Id.*

Here, Plaintiff filed the instant suit on December 28, 2020, alleging that the "Jurisdiction is vested in the Superior Court of Guam pursuant to 5 GCA §§ 5480 and 5707." V. Compl. p.1 (Dec. 28, 2020). The OPA filed its Answer on February 18, 2021. Much later, on June 28, 2021, the OPA filed its Motion to Dismiss for Lack of Personal Jurisdiction where it objects to personal jurisdiction for the first time. The OPA neither raised its objection for lack of personal jurisdiction in a pre-answer motion, nor asserted the lack of personal jurisdiction in its Answer. The Court finds that the OPA failed to timely object to the lack of personal jurisdiction, and therefore, the OPA waived the affirmative defense.

### II. THE GUAM SUPREME COURT HAS HELD THAT THE OPA IS A RELEVANT AND APPROPRIATE DEFENDANT IN PROCUREMENT APPEALS TO THE SUPERIOR COURT.

Guam Supreme Court has previously held that when appealing a decision of the Public Auditor, the OPA is a relevant and appropriate defendant. *Data Mgmt. Res., LLC. ("DMR") v. Off. of Pub. Accountability*, 2013 Guam 27 ¶ 27. An appeal from an OPA decision in the Superior Court must be served upon "all relevant defendants." *Teleguam Holdings II*, 2018

Guam 5 ¶ 25. For the Superior Court to have jurisdiction, the civil action should be between "the Territory and a bidder, offeror, or contractor." 5 GCA § 5480(a). A party seeking review of the Public Auditor's decision "must sue the Territory of Guam, by naming either the Territory of Guam or the relevant agency or government entity from which [the aggrieved party] seeks relief." *Town House Dep't Stores, Inc. ("Town House") v. Dep't of Educ.*, 2012 Guam 25 ¶ 33. In *DMR*, the Supreme Court found that the OPA was properly named as a defendant in a procurement appeal to the Superior Court:

> DMR named two parties in its Petition, namely, OPA and GDOE, when seeking declaratory and equitable relief. By doing so, DMR furnished formal notice to these agencies sufficient to allow them to respond to the Petition and defend the lawsuit. Third, **DMR named the appropriate agency, OPA, given that DMR sought the trial court's review of OPA's administrative decision, and that OPA is a qualifying agency of the Territory of Guam that can waive sovereign immunity**.

*DMR*, 2013 Guam 27 ¶ 27 (emphasis added). Without naming the proper defendant, a court lacks jurisdiction to hear the matter. *Town House*, 2012 Guam 25 ¶ 35.

Here, Plaintiff named Defendants to include the Territory of Guam, General Services Agency, Department of Administration, and the Office of Public Accountability. Because the OPA is one of the government agencies from which Plaintiff seeks relief due to the adverse decision the OPA issued against it, the OPA is a relevant and appropriate defendant. Consistent with the Guam Supreme Court's decision in *DMR*, this Court finds the OPA to be a proper defendant in the instant case.

### III. THE OPA IS A PROPER DEFENDANT IN THIS LITIGATION DESPITE TITLE 2 GAR DIVISION 4 SECTION 12103(b).

In its motion to dismiss for lack of personal jurisdiction, the OPA contends that it is not a proper defendant in this litigation pursuant to 2 GAR Division 4 Section 12103(b). Section 12103(b) is an administrative regulation promulgated by the OPA and states the following:

(b) Effect of Judicial Proceedings. *If an action concerning the procurement under Appeal has commenced in court, the Public Auditor shall not act on the Appeal except to notify the parties and decline the matter due to judicial involvement.* This Section shall not apply where a court requests the decision of the Public Auditor. Parties are required to notify and provide copies to the Public Auditor within 24 hours of any action in court concerning the procurement under Appeal.

2 GAR Div. 4 § 12103 (emphasis added). Under the regulations promulgated by the OPA, the Public Auditor must decline to act once an action concerning the procurement under appeal commences in court. However, the Court interprets Section 12103(b) as preventing the Public Auditor from acting on a procurement under appeal at the OPA level, and not as preventing the Public Auditor from involvement in a civil action regarding such an appeal. Thus, both the Public Auditor and the OPA, as the office where the Public Auditor sits, are not necessarily precluded from being defendants in a civil action under this section. Based on this reading of the plain language of 2 GAR Div. 4 § 12103(b), the Court neither finds that it lacks personal jurisdiction over the OPA, nor that the OPA is precluded from being named as a defendant in this matter.

## IV. THE GUAM SUPREME COURT HAS INTERPRETED TITLE 5 GCA § 5480 AS THE STATUTE THAT WAIVES THE OPA'S SOVEREIGN IMMUNITY.

The doctrine of sovereign immunity applies to Guam. *Guam Econ. Dev. Auth. and Guam Visitors Bureau v. Island Equip. Co.*, 1998 Guam 7 ¶ 6. In order to sue the Government of Guam or any government agency, sovereign immunity must be waived by statute. *Wood v. Guam Power Auth.*, 2000 Guam 18 ¶¶ 2-3. The waiver must be express. *Town House*, 2012 Guam 25 ¶ 31; *see Pacific Rock Corp, v. Dep't of Educ.*, 2001 Guam 21 ¶ 20.

Title 5 GCA § 5480(a) Waiver of Sovereign Immunity in Connection with Contracts states:

The Superior Court of Guam shall have jurisdiction over an action between the Territory and a bidder, offeror, or contractor, either actual or prospective, to determine whether a solicitation or award of a contract is in accordance with the statutes, regulations, and the

terms and conditions. The Superior Court shall have such jurisdiction in actions at law or in equity, and whether the actions are for monetary damages or for declaratory, or other equitable relief.

5 GCA § 5480(a). In *DMR*, the Guam Supreme Court recognized that "5 G.C.A. § 5480 is the statute waiving the Government of Guam's sovereign immunity." 2013 Guam 27 ¶ 20. Invoking the waiver of sovereign immunity requires a lawsuit naming either the Territory of Guam or the relevant agency or government entity from which [the aggrieved party] seeks relief. *Town House*, 2012 Guam 25 ¶ 33. The term "action" in 5 GCA 5480(a) means a "civil action." *Id.* ¶ 28. Where "a plain, speedy, and adequate remedy by bringing a civil action under the terms of 5 GCA 5480 (a) ... exists, a writ is not an appropriate substitute." *Id.* ¶ 29.

The analysis begs the question of whether the OPA is considered the "Territory." In *DMR*, the Supreme Court recognized that "DMR named the appropriate agency, **OPA**, given that DMR sought the trial court's review of the OPA's administrative decision, and that the OPA is a qualifying agency of the Territory of Guam that can waive sovereign immunity." 2013 Guam 27 ¶ 27 (emphasis added). The Supreme Court further noted that "there is an instrumentality of the government of Guam, independent of the executive, legislative, and judicial branches, known as the [OPA]." *Id.* ¶ 27.

Consistent with the holdings of the Supreme Court, this Court recognizes that 5 GCA § 5480 has been interpreted to be the statute that waives the OPA's sovereign immunity. As such, the proper mechanism to invoke a waiver of the OPA's sovereign immunity in which the OPA may be named as a proper defendant is for Plaintiff to bring a civil action naming the OPA as a defendant. That is the case here. By initiating the instant civil action and naming the OPA as a defendant from which it seeks declaratory relief, Plaintiff has effectively invoked a waiver of the OPA's sovereign immunity under the procurement law.

After a thorough review of Guam's procurement law and the binding authority of the Guam Supreme Court, the Court finds the use of a "civil action" is a misnomer in the context of a procurement appeal and as it applies to the OPA. Here, the OPA's status as a "party" is quite limited in its rights and obligations related to the procurement litigation. Such rights and obligations have been defined and refined in the long line of cases involving procurement appeals from decisions of the OPA. A "civil action" as opposed to a Petition for Judicial Review is the method in which (1) it is the only means available for a party to appeal the OPA's decision in the Superior Court; (2) despite its misleading name of "civil action" it functions as a petition for judicial review; and (3) it is the only formula established to invoke the OPA's sovereign immunity. *See Teleguam Holdings II*, 2018 Guam 5 ¶¶ 23-24 ("A party seeking to *challenge the Public Auditor's procurement decision* must timely file a *civil action* in Superior Court naming the proper defendants.")(emphasis added), *see* also *Id.* ¶ 27 ("Procurement appeals are governed by law and rules of procedure of the Superior Court of Guam, which include the Guam Rules of the Civil Procedure. Special rules for procurement cases would complicate procedures, instead of simplifying them.")

The Court finds that: (1) the OPA waived the defense of lack of personal jurisdiction; (2) the OPA is an appropriate and proper defendant; and (3) Title 5 GCA § 5480 is the statute that has been interpreted to waive the OPA's sovereign immunity.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** the Defendant OPA's Motion to Dismiss for Lack of Personal Jurisdiction.

**IT IS SO ORDERED** _MAY 0 6 2022_ .

**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
V. wrffiams , mc Dara w
A4 , Camacto <4 Lv v
Date:_____ Time: 5/6/22
**Joseph Bamba, Jr.**
Deputy Clerk, Superior Court of Guam